GARY S. FERGUS
FERGUS, A LAW OFFICE
595 Market Street, Suite 2430
San Francisco, California 94105
Phone: (415) 537-9032
Fax: (415) 537-9038
E-mail: gfergus@ferguslegal.com

PAUL K. VICKREY (*Pro Hac Vice*)
PATRICK F. SOLON (*Pro Hac Vice*)
KARA L. SZPONDOWSKI (*Pro Hac Vice*)
NIRO, HALLER & NIRO
181 W. Madison St., Suite 4600
Chicago, Illinois 60602
Phone: (312) 236-0733
Fax: (312) 236-3137
E-mail: vickrey@nshn.com
E-mail: solon@nshn.com
E-mail: szpondowski@nshn.com

Kelly C. Hunsaker (SBN 168307)
Jonathan J. Lamberson (SBN 239107)
Neil A. Warren (SBN 272770)
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, California 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071
E-mail: hunsaker@fr.com
E-mail: lamberson@fr.com
E-mail: warren@fr.com

Juanita R. Brooks (SBN 75934)
Thomas N. Millikan
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, California 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099
E-mail: brooks@fr.com
E-mail: millikan@fr.com

Attorneys for Plaintiff Dennis Fernandez

Attorneys for Defendant Microsoft Corporation

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

DENNIS FERNANDEZ,

          Plaintiff,

  v.

MICROSOFT CORPORATION,

          Defendant.

Civil Action No. C11-4974 YGR

**JOINT CASE MANAGEMENT STATEMENT**

Judge: The Honorable Yvonne Gonzalez Rogers

In accordance with Fed.R.Civ.P. 26(f), Civil L.R. 16-9, Patent L.R. 2-1, and the Court's January 18, 2012 Reassignment Order, Plaintiff Dennis Fernandez ("Fernandez") and Defendant Microsoft Corporation ("Microsoft") respectfully submit the following Joint Case Management Statement.

1. **Date Case Was Filed**

This case was filed on October 7, 2011.

2.    <u>**List or Description of All Parties**</u>

Plaintiff Dennis Fernandez is the co-inventor and assignee of U.S. Patent No. 7,221,387 entitled "Digital Television with Subscriber Conference Overlay," which issued on May 22, 2007 (the "'387 Patent"); U.S. Patent No 7,355,621 entitled "Digital Television with Subscriber Conference Overlay," which issued on April 8, 2008 (the "'621 Patent"); U.S Patent No. 6,330,842 entitled "Digital Television with Subscriber Conference Overlay," which issued on January 15,2002 (the "'842 Patent"); and U.S. Patent No. 8,032,915 entitled "Digital Television with Subscriber Conference Overlay," which issued on October 4, 2011 (the "'915 patent") (collectively the "Patents-in-Suit").

The Defendant is Microsoft Corporation.

3.    <u>**List of All Current Deadlines**</u>

No deadlines have been entered by the Court, but the parties previously agreed upon the following case schedule:

| Event | Proposed Dates |
|---|---|
| w/i 14 days of CMC | Plaintiff must serve:<br>• Disclosure of Asserted Claims and Infringement Contentions (Patent L.R. 3-1)<br>• Initial Document Production (Patent L.R. 3-2)<br>• Note: No Amendment to Contentions w/o leave of court. (Patent L.R. 3-6) |
| 45 days from service of Plaintiff's Disclosures | Defendant must serve:<br>• Invalidity Contentions ( Patent L.R. 3-3)<br>• Document Production Accompanying Invalidity Contentions (Patent L.R. 3-4) |
| 14 days from service of Invalidity Contentions | Parties must exchange Proposed Terms for Construction (Patent L.R. 4-1) |
| 21 days from exchange of proposed claim terms | Simultaneous Exchange of Preliminary Claim Constructions and Extrinsic Evidence (Patent L.R. 4-2) |

| 60 days from service of Invalidity Contentions | Parties must complete and file Joint Claim Construction and Prehearing Statement (Patent L.R.  4-3) |
|---|---|
| 30 days from filing Joint Claim Construction and Prehearing Statement | Parties must complete all Claim Construction Discovery (Patent L.R. 4-4) |
| 45 from filing Joint Claim Construction and Prehearing Statement | Fernandez's Opening Claim Construction Brief and any supporting evidence due (Patent L.R.  4-5)<br><br>Microsoft briefing on 35 U.S.C. § 112 issue due (see Section 4, below) |
| 14 days after service of Fernandez's Opening Claim Construction Brief | Microsoft's Responsive Claim Construction Brief and any supporting evidence due (Patent L.R.  4-5)<br><br>Plaintiff's response to Microsoft's motion on 35 U.S.C. § 112 due |
| 7 days from service of Defendants' Responsive Claim Construction Brief | Fernandez must serve and file reply brief and any evidence directly rebutting the supporting evidence contained therein (Patent L.R.  4-5)<br><br>Microsoft's reply brief on 35 U.S.C. § 112 due |
| At the Court's convenience on or after 14 days from service of plaintiff's Reply Brief | Claim Construction hearing (Patent L.R.  4-6)<br><br>Hearing on Microsoft's motion on 35 U.S.C. § 112 |
| TBD (50 days after claim construction ruling) | Advice of Counsel disclosures due (Patent L.R.  3-7) |
| 120 days after claim construction ruling | Close of Fact Discovery |

| first Friday that occurs at least 150 days after claim construction ruling | Designation of Expert Witnesses and Exchange of Initial Expert Reports for which party bears burden |
|---|---|
| first Friday that occurs at least 180 days after claim construction ruling | Designation of Rebuttal Experts and exchange of Rebuttal Expert Reports |
| first Friday that occurs at least 220 days after claim construction ruling | Close of Expert Discovery |
| first Friday that occurs at least 290 days after claim construction ruling | Deadline to File Dispositive Motions and any motion to limit or exclude Expert Testimony |
| Suggested Date of Pretrial Conference | At the Court's Convenience |
| Trial | At the Court's Convenience |

4.     **List of All Pending Motions**

There are no motions pending.  In the prior Case Management Statement, Microsoft proposed conducting early briefing on a defense under 35 U.S.C. § 112.  Microsoft respectfully believes judicial efficiency would be served by considering this issue concurrently with claim construction because it relates to the support for the claims in the specification, an issue which the Court will necessary consider as part of claim construction.  Microsoft proposes a short, focused motion for summary judgment filed and heard at the same time as claim construction, which will help focus the case and narrow the issues.  Microsoft also may seek leave to file an

1   early motion related to joint/divided infringement defects in several of the claims, either together

2   with claim construction or shortly thereafter.

3           **5.**      **Brief Description of Event Underlying This Action**

4        **(a)** *Fernandez's Statement*: This is a suit patent infringement. The patents in suit are:

5   U.S. Patent No. 7,221,387 entitled "Digital Television with Subscriber Conference Overlay,"

6   which issued on May 22, 2007 (the "'387 Patent"); U.S. Patent No 7,355,621 entitled "Digital

7   Television with Subscriber Conference Overlay," which issued on April 8, 2008 (the "'621

8   Patent"); U.S Patent No. 6,330,842 entitled "Digital Television with Subscriber Conference

9   Overlay," which issued on January 15,2002 (the "'842 Patent"); and U.S. Patent No. 8,032,915

10  entitled "Digital Television with Subscriber Conference Overlay," which issued on October 4,

11  2011 (the "'915 patent") (collectively the "Patents-in-Suit").  The inventions of the Patents-in-

12  Suit were conceived and reduced to practice by the inventor, Dennis Fernandez, who owns all

13  right, title, and interest in the Patents-in-Suit and has the sole exclusive right to enforce, sue for

14  and recover past and future damages for infringement of the Patents-in-Suit.

15        The Patents-in-Suit generally relates to devices and methods for on-line conferencing.

16  Fernandez contends that Microsoft has directly infringed the claims of the Patents-in-Suit by at

17  least using, selling, offering to sell, and manufacturing and/or importing products with on-line

18  conferencing capabilities that are covered by the Patents-in-Suit. Such products include, but are

19  not limited to, the Xbox and Xbox Live products.  Fernandez further contends that Microsoft has

20  induced the infringement of the Patents-in-Suit by providing on-line conferencing capabilities

21  through its products, including Xbox and Xbox Live, and instructing users of these products on

22  how to install and use the products through guides, manuals, and on-line videos available on its

23  website.

24

25

**(b)** *Microsoft's Statement:*

Microsoft denies that it infringes any claims of Plaintiff's patents, either directly, indirectly, or in any other manner.  Microsoft further contends that Plaintiff's patents are invalid under at least 35 U.S.C. §§ 101, 102, 103 & 112.  Microsoft has also asserted equitable defenses.  As discovery progresses, additional defenses may be developed by Microsoft.  Microsoft may seek leave to add further defenses or counterclaims to its pleadings if discovery reveals an appropriate basis for doing so.

**6.     Summary of All Claims and Counterclaims**

Fernandez has asserted that Microsoft's Xbox and Xbox Live products infringe at least one claim of each of the patents-in-suit both directly and indirectly pursuant to 35 U.S.C. §271(a) and (b).

Microsoft has counterclaimed for declaratory judgment of non-infringement and invalidity.

**7.     List and Description of Relief Sought**

**(a) Fernandez's Statement:**  Fernandez seeks damages adequate to compensate for Microsoft's infringement, but in no event less than a reasonable royalty, including prejudgment interest pursuant to 35 U.S.C. §284.  Once Fernandez has obtained pertinent sales, profits, and marketing documents from Microsoft, Fernandez will provide a detailed calculation.  Such calculations may be included as part of any expert report regarding damages pursuant to the Federal Rules of Civil Procedure.

**(b) Microsoft's Statement:**

Microsoft requests that Plaintiff take nothing by his complaint, and that his complaint be dismissed with prejudice.  Microsoft further requests that the Court enter a declaration that Microsoft does not infringe the asserted patents, and that the asserted patents are invalid.

1  Microsoft further requests that this case be declared exceptional and that Microsoft be awarded

2  its costs, expenses, and reasonable attorney fees in this action pursuant to 35 U.S.C. §§ 284 and

3  285.  Microsoft also requests such other and further relief as the Court may deem appropriate.

4         **8.**     **<u>Status of Discovery</u>**

5         No discovery has occurred to date.  The parties exchanged their Rule 26(a)(1) disclosures

6  on January 20, 2012.

7         **9.**     **<u>Procedural History of the Case</u>**

8         No motions have been filed or decided.  The parties have agreed to Mediation within 90

9  days of the Court's ruling on claim construction.  The parties have agreed to a procedure to

10  handle e-discovery, which is attached as Exhibit A.

11         **10.**    **<u>Immediate Need for Case Management Conference</u>**

12         The initial case management conference in this case was scheduled for January 27, 2012,

13  but has since been vacated with no new date set.

14  Dated: January 25, 2012          Respectfully submitted,

15                         /s/ Kara L. Szpondowski
                      GARY S. FERGUS

16                        FERGUS, A LAW OFFICE
                      595 Market Street, Suite 2430

17                        San Francisco, California  94105
                      Phone: (415) 537-9032

18                        Fax: (415) 537-9038
                      E-mail: gfergus@ferguslegal.com

19  

20                        Paul K. Vickrey *(Pro Hac Vice)*
                      Patrick F. Solon *(Pro Hac Vice)*

21                        Kara L. Szpondowski (Pro Hac Vice)
                      NIRO, HALLER & NIRO

22                        181 W. Madison St., Suite 4600
                      Chicago, Illinois  60602

23                        Phone: (312) 236-0733
                      Fax: (312) 236-3137

24                        E-mail: vickrey@nshn.com
                      E-mail: solon@nshn.com
                      E-mail: szpondowski@nshn.com

25

*Attorneys for Plaintiff,*
*Dennis Fernandez*

 /s/ Jonathan J. Lamberson
Jonathan J. Lamberson (SBN 239107)
Kelly C. Hunsaker (SBN 168307)
Neil A. Warren (SBN 272770)
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, California  94063
Telephone: (650) 839-5070
Facsimile:  (650) 839-5071
Email:  lamberson@fr.com
Email:  hunsaker@fr.com
Email:  warren@fr.com

Juanita R. Brooks (SBN 75934)
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA  92130
Telephone:  (858) 678-5070
Facsimile: (858) 678-5099
Email:  brooks@fr.com

*Attorneys for Defendant,*
*Adobe Systems Incorporated*

**EXHIBIT A**

**[PROPOSED] ORDER REGARDING E-DISCOVERY**

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DENNIS FERNANDEZ,<br><br>                Plaintiff,<br><br>        v.<br><br>MICROSOFT CORPORATION,<br><br>                Defendant. | Civil Action No. C11-4974 EMC<br><br>**[PROPOSED] ORDER REGARDING E-DISCOVERY** |

The Court ORDERS as follows:

1.      This Order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

2.      This Order may be modified for good cause.  The parties shall jointly submit any proposed modifications within 30 days after the Federal Rule of Civil Procedure 16 conference. If the parties cannot resolve their disagreements regarding these modifications, the parties shall submit their competing proposals and a summary of their dispute.

3.      Costs will be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26.  Likewise, a party's nonresponsive or dilatory discovery tactics will be cost-shifting considerations.

4.      A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

5.      General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include metadata absent a showing of good cause.  However, fields showing the date and time that the document was sent and received, as well as the complete distribution list, shall generally be included in the production when they are readily available.

6.      General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively "email").  To obtain email parties must propound specific email production requests.

7.      Email production requests shall only be propounded for specific issues, rather than general discovery of a product or business.

8.      Email production requests shall be phased to occur after the parties have exchanged initial disclosures and basic documentation about the patents, the prior art, the accused instrumentalities, and the relevant finances.  While this provision does not require the production of such information, the Court encourages prompt and early production of this information to promote efficient and economical streamlining of the case.

9.      Email production requests shall identify the custodian, search terms, and time frame.  The parties shall cooperate to identify the proper custodians, proper search terms and proper timeframe.

10.     Each requesting party shall limit its email production requests to a total of five custodians per producing party for all such requests.  The parties may jointly agree to modify this limit without the Court's leave.  The Court shall consider contested requests for up to five additional custodians per producing party, upon showing a distinct need based on the size, complexity, and issues of this specific case. Should a party serve email production requests for additional custodians beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

11.     Each requesting party shall limit its email production requests to a total of five search terms per custodian per party.  The parties may jointly agree to modify this limit without the Court's leave.  The Court shall consider contested requests for up to five additional search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case.  The search terms shall be narrowly tailored to particular issues.  Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction.  A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term.  A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word.  Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. Should a party serve email production requests with search terms beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

12.     The receiving party shall not use ESI that the producing party asserts is attorney-client privileged or work product protected to challenge the privilege or protection.

13.     Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

14.     The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

DATED:_____

_____
The Honorable Edward M. Chen
United States District Judge

**PROOF OF SERVICE**

I, Kara L. Szpondowski, declare:

I am and was at the time of the service mentioned in this declaration, employed in the County of Cook, Chicago, IL.  I am over the age of 18 years and not a party to this cause.  My business address is 181 W. Madison, Suite 4600, Chicago, IL 60602.

On January 5, 2012, I served a copy of the **JOINT CASE MANAGEMENT STATEMENT** on the parties to this action as follows:

☒     (BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")) – Pursuant to controlling General Order(s) and Local District Rule(s), the foregoing document will be served by the court via NEF and hyperlink to the document.

- Kelly C. Hunsaker          hunsaker@fr.com
- Jonathan J. Lamberson    lamberson@fr.com
- Neil A. Warren             warren@fr.com
- Juanita R. Brooks          brooks@fr.com
- Thomas N. Millikan        millikan@fr.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on January 25, 2012 at 10:44 a.m.

/s/ Kara L. Szpondowski